# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **Bareneise Dixon,** | * |
| **Plaintiff,** | * |
| v. | * CIVIL ACTION NO: |
| **City of Mobile, Sandy Stimpson, Mayor of the City Of Mobile, In his Official and Individual Capacity, John Barber, City of Mobile Public Safety Director, In his official and Individual Capacity, Lawrence Battiste, Chief of Police, City of Mobile, In His Official and Individual Capacity, Clay Godwin, Assistant Chief of Police, In His Official and Individual Capacity** | * |
| **Defendants.** | * |

## COMPLAINT

### INTRODUCTORY STATEMENT

This is an action seeking principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress discrimination in employment on the basis of race, sex, retaliation and hostile work conditions. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**II**

### ADMINISTRATIVE EXHAUSTION AND JURISDICTIONAL STATEMENT

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 (a)(3). Further, Plaintiff' received a Right to Sue Letter from the Equal Employment Opportunity Commission at least 90 days prior to the filing of this complaint. Therefore, Plaintiff has exhausted her administrative remedies as required by law.

## III

## **PARTIES**

1. Plaintiff, Bareneise Dixon, is an African-American female former employee of the City of Mobile Police Department and a resident citizen of Mobile County, Alabama. She has been employed by the defendant since 1989.

2. Defendant, City of Mobile, is a municipal corporation formed under the laws and Rules of the State of Alabama and located in the City of Mobile.

3. Sandy Stimpson, a white male, currently serves as the mayor of the City of Mobile. Stimpson is named in his official and individual capacity.

4. John Barber, a white male, currently serves as the Director of Public Safety of the City of Mobile. Barber is named in his Official and individual capacity.

5. Lawrence Battiste, an African American male, currently serves as the Chief of Police of the City of Mobile. Battiste is named in his official and individual capacity.

6. Clay Godwin, a white male, currently serves as the Assistant Chief of Police of the City of Mobile. Godwin is named in his official and individual capacity.

## III

## **FACTUAL ALLEGATIONS**

7. Dixon was a twenty-eight (28) year employee of the defendant. Dixon was hired on July 17, 1989 as a police officer I. On March 3, 2017, Dixon was competitively selected through the Mobile County Merit System to the rank of Major. This selection earned her the distinction as the first African American Major in the Mobile Police Department. In February 2018, Dixon was forced to retire from the rank of Major or accept a demotion to the rank of Captain.

8. At all times relevant to this complaint, Plaintiff served as a Major assigned to the Special Operations division of MPD. There were three (3) other individuals serving at the rank of Major at MPD. Two of the positions were held by white males. The 3rd Major position was held by a white female.

9. Pursuant to the Rules of the Mobile County Personnel Board, Dixon was required to serve a probationary period of twelve (12) months.

10. Plaintiff contends that in April 2017, Clay Godwin, a white male, was appointed to the position of Assistant Chief of Police. Godwin was the direct supervisor for Dixon. 7.

11. Plaintiff contends that Godwin engaged in a pattern of tactics and actions that included harassment, unprofessional conduct and undermining Dixon's authority with her subordinates. Godwin did not engage in these tactics with the white male Majors

12. On April 14, 2017, Godwin called a meeting attended by Dixon and other members of MPD. During the meeting Godwin began yelling and screaming directed at Dixon and the other officers present. Godwin would not scream and yell at the white male Majors.

13. On April 17, 2017, Dixon reported the actions of Godwin to Chief Battiste. Battiste advised Godwin of the complaints made by Dixon against Godwin. Godwin would go

directliy to Dixon subordinates without going to Dixon first. Godwin did not engage in this action with the white male Majors.

14. In October of 2017, Battiste set guidelines that required Godwin to follow the chain of command. The guidelines required the information to proceed from the Assistant Chief to the Majors and from the Majors to subordinates. Godwin failed and refused to follow the chain of command with Dixon. This failure to follow the chain of command was reported to Battiste. No action was taken by Stimpson, Barber or Battiste to prevent the violations of the chain of command.

15. On January 27, 2018, Godwin met with Dixon at Ladd Stadium. Godwin appeared agitated and upset. The meeting took place at a trailer located at the stadium. During the meeting Godwin told Dixon that he was the Assistant Chief and he could talk to anyone under Dixon's command at any time. Godwin continued to berate Dixon and when Dixon tried to speak, Godwin told Dixon to shutup. In response Dixon made a derogatory statement to Godwin. Following the comment Dixon left the trailer..

16. On January 29, 2018 Battiste advised Dixon that Godwin had written up Dixon for insubordination and recommended demotion as the disciplinary action. This recommendation was approved by Stimpson and Barber. No other disciplinary action was considered. The charge did not follow the normal internal investigative process and Dixon was not allowed to respond to the charges.

17. On January 29, 2018, Dixon was placed on administrative leave with no explanation. The administrative leave denied Dixon the opportunity to fulfill her responsibility as Major. Dixon was forced to remain in her office and have no contact with her subordinates. At

4

this point Dixon had served ten months of her probationary period.

## COUNT ONE

Because of its actions as outlined above, the Defendants have engaged in unlawful sex discrimination by its failure to follow the chain of command and not the same process with the white male Majors.

## COUNT TWO

Because of its actions as outlined above, the Defendants have engaged unlawful race discrimination by its failure to follow the chain of command and not follow the same process with the white male Majors.

## COUNT THREE

Because of its actions as outlined above, the Defendants have created a hostile work environment by failing to treat Dixon the same as the white male Majors.

## COUNT FOUR

Because of its actions as set out above, the Defendants have engaged in unlawful retaliation after Dixon reported the actions of Godwin to Battiste.

## PRAYER FOR RELIEF

WHEREFORE, Dixon demands judgment against the Defendants as follows:

(a) A declaratory judgment that the Defendant discriminated against Dixon on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil

Rights Act of 1991.

(b) A declaratory judgment that the Defendant discriminated against Dixon on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

(c) A declaratory judgment that the Defendant discriminated against Plaintiff on the basis of her race in her non-selection for the vacancy awarded to Janet Frye, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

(d) A declaratory judgment because Dixon engaged in protected activity the Defendant unlawfully retaliated against her in her in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

(e) Award Dixon all back pay and benefits she would have been entitled to but for the discrimination she suffered;

(f) Award Dixon compensatory damages in the amount of $300,000;

(g) Award Dixon costs and expenses in bringing this action, including a reasonable attorney's fee; and such other alternate relief as the court may deem just and proper.

**TRIAL BY JURY REQUESTED**.

                                                Respectfully submitted,

                                                s/Willie J Huntley, Jr.
                                                Attorney for Plaintiff Bareneise Dixon
                                                PO Box 370
                                                Mobile, AL  36601
                                                (251)  434-0007

DEFENDANTS MAY BE SERVED AT:

2460 GOVERNMENT BLVD
MOBILE, Al. 36688

Mayor Sandy Stimpson
PO Box 1827
MOBILE, AL. 36633